## Howard v. Kelsay et al.

(Decided June 11, 1929.)

62

H. H. TYE and STEPHENS & STEELY and M. A. GRAY for appellees.

HENRY C. GILLIS and B. B. SNYDER for appellant.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

In 1919 Z. R. Howard was the owner of a brick building in Corbin, Ky. G. M. Smith owned an adjoining lot and made a contract with R. B. Kelsay to do the excavating on his lot necessary for the construction of a hotel building thereon. The excavation was so made that Howard's building was injured, and he brought a suit against Smith and Kelsay to recover damages therefor. On the first trial of the case there was a joint judgment against Smith and Kelsay for $2,675, also a separate judgment against Kelsay for $400. They appealed to this court and the judgment was reversed. Smith v. Howard, 201 Ky. 249, 256 S. W. 402. On the return of the case to the circuit court it was tried again, and on October 21, 1925, Howard recovered a judgment against Kelsay alone for $2,500 and costs. Kelsay was the owner of valuable real estate in Whitley and Knox counties, and on October 27, 1925, he executed a deed to J. C. Lay conveying to him all his real estate in Kentucky; Lay conveying to Kelsay a tract of land he owned in Florida and assuming mortgages for something over $4,000 on the Kentucky land. Execution was duly issued upon Howard's judgment and returned no property found. He then brought this action under section 439 of the Code for the enforcement of his judgment. He made Lay a defendant to the action, alleging that the deed from Kelsay to Lay for the land in Kentucky was made with the fraudulent intent to hinder and defraud Kelsay's creditors and was void under section 1906, Kentucky Statutes. The allegations of the petition were denied. The plaintiff took as on cross-examination the depositions of Kelsay and Lay, and the action being submitted the circuit court dismissed the petition. Howard appeals.

Section 1906, Kentucky Statutes, concludes with these words: "This section shall not affect the title of a purchaser for valuable consideration, unless it appear

that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.''

It is unquestioned that Lay was a purchaser for a valuable consideration, and therefore the conveyance cannot be disturbed under the statute, unless it appears that he had notice of the fraudulent intent of Kelsay. It appears from the proof that Lay and Kelsay had had this trade under consideration for several months. Kelsay had been down to Florida and looked at the land. The trade was made between them three days after the judgment was entered, and the deeds were put to record as soon as they were drawn up and executed. While Lay knew that the suit had been brought against Kelsay in 1919, he lived in Florida and he did not know what had become of the suit. He did not know that a judgment had been rendered against Kelsay. He testified that he was perfectly willing to trade back with Kelsay and that he only wants protection; that he made the trade just as he made all other trades in his life. On the other hand, the facts indicate that Kelsay made this trade to hinder and delay Howard in collecting the judgment. But that does not affect Lay if he acted in good faith and without notice of Kelsay's bad intention. In cases like this the court gives weight to the finding of the chancellor, who is on the ground and knows the parties, for in the end in such a matter the character of the parties may have some weight. Howard may subject the Florida land to his debt, and there is no showing that he may not be able to make his debt in this way.

The court did not err in holding that the mortgages on the land were valid although some of these did not give the book and page in the clerk's office where the grantor's title was recorded. The same is true as to the deed made by Kelsay to Lay. A deed may not be properly recorded unless the statute is complied with, but although it is not properly recorded it is a valid transfer of title and is effective as between the grantor and the grantee. Perkins v. J. M. Robinson, Norton & Co. (Ky.) 124 S. W. 310. The plaintiffs had notice of these deeds and mortgages when they filed their suit and therefore are not without notice. In fact, an attaching creditor only stands in the shoes of his debtor. Grooms v. National Bank of Kentucky, 218 Ky. 846, 292 S. W. 513.

During the progress of the action two garnishees answered showing that they owed Kelsay $619.15, and they paid the money into court. The circuit court evidently having in mind only the question whether the deed to Lay should be set aside dismissed the plaintiff's petition without making any disposition of the fund in court. The judgment dismissing the petition as to all the appellees except R. B. Kelsay is affirmed. But as to R. B. Kelsay the judgment is reversed, and on the return of the case the court will enter a judgment directing the fund in court to be paid the plaintiff, Howard, and will make such further orders as may be necessary on this branch of the case.

Judgment as to R. B. Kelsay reversed, and cause remanded for further proceedings consistent herewith.