## Sprowles et al. v. Eversole.

March 12, 1948.

Rehearing denied May 14, 1948.

Keenon & Odear and Charles William Swinford for appellants.

Eversole & Eversole for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing in part, affirming in part.

This is a contest between a father and his five children over the ownership of certain real estate in Perry County. On July 7, 1945, J. B. Eversole brought an action in the Perry Circuit Court against his daughter Zola Eversole Sprowles to set aside a deed to her dated January 15, 1936, from M. A. Petree, trustee. The deed conveyed to her the minerals under 200 acres of land known as the Trace Fork tract. The plaintiff alleged that he paid the consideration for the property, and that it was conveyed to the defendant with the understanding that she would hold it and convey it at any time as directed by him. In an amended petition filed August 4, 1945, the plaintiff alleged that the Trace Fork tract was conveyed to him, but he erased his initials and substituted the name of his daughter, Zola, without the knowledge of the grantor and lodged the deed for record. He also alleged that on September 26, 1933, he conveyed to his daughter, Zola, the minerals in two tracts of land in Perry County known as the Tan Trough Branch tract and the Wabaco or R. F. Fields tract, and that thereafter he sold to J. E. Johnson the No. 7 and No. 4 seams of coal on the Tan Trough Branch tract, and, at his request, Zola executed a deed to same on October 1, 1936. In an answer filed August 6, 1945, and an answer, counterclaim and cross-petition filed November 5, 1945, the defendant, Zola Sprowles, alleged that in a divorce action between her father, J. B. Eversole, and her mother, Jane W. Eversole, in the Fayette Circuit Court, a settlement of the property rights of the parties was made in which J. B. Eversole agreed that all real estate in the name of Zola Eversole Sprowles should be held by her for the benefit of herself, her sisters and brother, and, in addition, he conveyed on January 7, 1941, to her and her three sisters and brother, jointly, two lots in Hazard, Kentucky, and a tract of land in Perry County; that before the deed was recorded J. B. Eversole sold and conveyed the two lots in Haz-

ard, one to Zola Vermillion and one to Billy Baker and Oscar Farmer, all of whom were made parties to the action. She asked that the deeds to Zola Vermillion and Baker and Farmer be canceled, and if this could not be done that she recover of the plaintiff on her counterclaim the amount received by him for the two lots in Hazard. Numerous other pleadings were filed, and in a reply, counterclaim and cross-petition filed November 8, 1945, the plaintiff made his four remaining children defendants. They are Violet Gunby, Molly Hughes, Lillian Tinder, and John B. Eversole, III. The court adjudged that the defendant Zola Sprowles held the three tracts of land described in the petition and amended petition in trust for the benefit of the plaintiff, and directed the master commissioner to execute and deliver to J. B. Eversole, for and on behalf of Zola Sprowles, a deed to these tracts. The court refused to make any finding as to the lots in Hazard described in the defendant's counterclaim. The chancellor, speaking of these lots in his opinion and judgment, said: "The defendant does not ask for judgment for these particular properties but seeks to recover from the plaintiff the purchase price he received. There is not any basis for the entry of a judgment on this particular contention even if the court should hold that the deed of January 7th, 1941, from plaintiff to his children was a valid conveyance. If, as a matter of law, which the court doubts, the defendant could recover the purchase price from the plaintiff because he conveyed to another real estate which he did not own and which belonged to the defendant, yet, the plaintiff had a life estate in the property and there is no basis from the evidence upon which a judgment could be entered. It is, therefore, ordered and adjudged that the Counter-Claim be dismissed."

The defendants have appealed, and the plaintiff has cross-appealed.

The contest centers around and the decision turns on the property settlement, if any, entered into in the divorce proceeding in January, 1941. It appears that appellee and his family lived in Hazard until 1918, when they moved to Lexington. Appellee had suffered financial reverses, and in 1924 and 1926 he conveyed to his wife, Jane W. Eversole, most, if not all, of his remaining real estate which consisted principally of

mineral rights in land in Perry County. The mineral property evidently has no great value since a considerable portion of the coal has been mined out. In 1933 Jane W. Eversole and her husband conveyed these properties to their youngest daughter, Zola Eversole. J. B. Eversole returned to Hazard in 1926, but his wife and children remained in Lexington. He visited them from time to time, but he and his wife separated in 1935 and she brought an action for divorce in October, 1940, on the ground that she and her husband had lived apart without cohabitation for five consecutive years. The appellee, testifying for himself in the present case, stated positively that there was no property settlement in the divorce proceeding, and that the judgment of divorce contained no reference to such a settlement. He denied on cross-examination that he signed the judgment or saw it before it was entered. The record in the divorce action was introduced, and it disclosed that both appellee and his wife, Jane W. Eversole, testified that a property settlement had been made. The original judgment in the divorce action bears the signatures of the circuit judge, Jane W. Eversole, John B. Eversole, and the two attorneys. When confronted by the judgment, the appellee admitted he had signed it. The judgment contained this clause: "It further appearing to the satisfaction of the Court that the parties hereto have by agreement settled property rights and no alimony is asked for or granted, and the attachment issued herein is discharged and held for naught."

The plaintiff in the divorce action, Jane W. Eversole, had asked for alimony in the sum of $5,000, and, in addition, $100 a month for her maintenance. Depositions in the case were taken in the courthouse in Lexington before a commissioner on January 6, 1941. Jane W. Eversole and two of her daughters testified in the present case that on January 6, 1941, before the depositions were taken, the parties to the divorce action entered into an agreement settling their property rights. Jane W. Eversole agreed to waive all claims to alimony, and J. B. Eversole agreed that the real estate which had been conveyed to his daughter should remain in her name but should be held by her for the use and benefit of herself, her three sisters and brother. He also agreed to convey to the five children certain land in Perry Coun-

ty and a lot located at the corner of High and Newland Streets in Hazard on which was a two-story brick store and apartment building. He had conveyed this lot to his daughter, Zola, several years earlier with the reservation of a life estate, but Zola reconveyed it to her father in 1940. She testified that when her father learned she was contemplating marriage he requested her to convey the property to him for his protection, but promised not to lodge the deed for record. The deed had not been recorded when the divorce decree was entered in January, 1941, and was not lodged for record until May, 1945, when he sold and conveyed the lot to Zola Vermillion for a consideration of $8,000. It appears that the deed to this lot and other property in Perry County, executed by J. B. Eversole and Jane W. Eversole to their five children on January 7, 1941, just before the divorce judgment was entered, was sent to Perry County to be recorded, but the county clerk, due to the requirements of KRS 382.110, refused to record it because the numbers and pages of the deed books referred to in the sources of title were left blank. Concerning the source of title to the lot in Hazard, the deed stated: "* * * being the same property conveyed to first party, J. B. Eversole by Zola Eversole, now Zola Eversole Sprowles on the — day of ——, 19—, by deed recorded in Deed Book — page — of records in the office of the Clerk of the Perry County Court."

The blanks were not filled and the deed recorded until appellants learned that appellee had sold and conveyed the lot after recording the deed executed to him in 1940 by Zola Eversole. Appellee testified that the deed executed by him and Jane W. Eversole on January 7, 1941, was not to become effective until Mrs. Eversole conveyed a house and lot in Lexington to their five children; that she failed to execute such a deed, and the deed of January 7, 1941, therefore, never became effective. The property in Lexington was not in Mrs. Eversole's name, but stood in the name of her daughter, Zola, who later conveyed it to her sister, Molly Hughes. Mrs. Eversole and two of her daughters testified that the Lexington property was never mentioned during the negotiations of January 6, 1941, between Mrs. Eversole and appellee and their attorneys concerning a property settlement. Appellee claims the deed of

January 7, 1941, was never delivered, but the undisputed evidence shows that after the settlement of the property rights of the parties to the divorce action was made on January 6, 1941, appellee agreed to furnish to Mrs. Eversole's attorney the descriptions of the properties to be conveyed to the children, and that on the following day he gave the descriptions to the attorney who prepared the deed. Appellee read the deed and made an interlineation, reserving to himself a life estate in the properties conveyed. He and Mrs. Eversole then signed and acknowledged the deed, and it was left with Mrs. Eversole or her attorney.

It would serve no useful purpose to recite and analyze the large amount of evidence in the record, but we think that it shows, beyond any doubt, that a property settlement was made in the divorce action and that appellee agreed that all property in the name of his daughter, Zola, should be held by her for herself and the other children, and that he executed and delivered a valid deed to his five children, reserving to himself a life estate, to the lot in Hazard later conveyed by him to Zola Vermillion. The lot sold by him to Billy Baker and Oscar Farmer for $2,000 was not conveyed by the deed of January 7, 1941, and we find nothing in the record entitling appellants to a recovery of the proceeds of this lot. It follows that the chancellor erred in adjudging appellee the owner of the three tracts of land described in his petition and amended petition and in dismissing appellants' counterclaim. The evidence fails to show that Zola Vermillion was not an innocent purchaser of the lot in Hazard. Appellants should have been adjudged recovery of the sale price of this lot, $8,000, less the value of appellee's life estate. His age appears in the record, and the value of his life estate is a mere matter of calculation based on the mortality tables.

The appellee has cross-appealed because the judgment failed to cancel the deed of January 7, 1941. As heretofore stated, the deed was executed and delivered, and was not invalid because the numbers and pages of the deed books referred to in the sources of title were left blank. It was an unrecordable instrument until these blanks were filled, but was effective as between the parties. Howard v. Kelsay, 230 Ky. 61, 18 S. W. 2d 884.

On the appeal the judgment is reversed with directions to dismiss the plaintiff's petition as amended, and to enter a judgment for the defendants for $8,000 on their counterclaim, less the value of the plaintiff's life estate. On the cross-appeal the judgment is affirmed.